IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HOPE L. SNYDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:11-CV-077 |
| ) | |
| D. ANNE LIVINGSTON; ) | |
| EAR, NOSE & THROAT ASSOCIATES, ) | |
| PC. ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT OF ANNE LIVINGSTON

ANNE LIVINGSTON, being duly sworn upon her oath, alleges and says as follows:

1. I am an adult over the age of eighteen (18) and I have personal knowledge of the matters set forth in this Affidavit.

2. I began my employment with Ear, Nose & Throat Associates ("ENT") on November 19, 2007, as a staff audiologist. When I started my employment with ENT, Hope Snyder ("Snyder") was an administrative assistant as well as a licensed hearing instrument dispenser. I am currently employed as the Director of Audiology. I have no mental health training.

3. During the time that I worked with Snyder, she talked openly about having attention deficit disorder ("ADD"). She openly discussed her ADD with myself and co-workers.

4. Although I was aware of Snyder's ADD, I did not treat her any differently. At no time did I ever perceive Snyder as being disabled or unable to perform any of her

work-related duties because she had ADD or any other physical, emotional or mental problems.

5. On Friday, March 12, 2010, Snyder returned from a family trip to Las Vegas. Snyder spoke with me and indicated that she disliked everyone in the Chapel Ridge office of ENT and that she wanted to go work at the Apple Glen location because she had friends working at that location. Snyder was in tears when she spoke with me. I suggested that Snyder think about everything over the weekend and that we would discuss the matter further the following week.

6. On March 16, 2010, I had a telephone conversation with Snyder. During that telephone conversation I stated that Snyder appeared to be on a bit of an emotional roller coaster and that no one knew how to act around her. Snyder and I began yelling at each other during the telephone conversation. At no point in time did I ever state to Snyder that I thought she was emotionally unstable.

7. I am aware of Snyder's allegation that I told one of the physicians at ENT, Dr. Rao, that she was mentally unstable. I made no such statements to Dr. Rao, or to any other physicians and/or employees associated with ENT. While I may have repeated my comment about Snyder being on an emotionally roller coaster, I never used the phrase "mentally unstable" with anyone in my discussions about Snyder.

8. At no point in time did I take any job responsibilities or duties away from Snyder because she has ADD or because I may have thought she was on an emotional roller coaster.

FURTHER AFFIANT SAYETH NAUGHT.

I affirm, under penalties of perjury, that the above and foregoing representations are true to the best of my knowledge.

_____
Anne Livingston

STATE OF INDIANA   )
                   ) SS:
COUNTY OF ALLEN    )

Subscribed and sworn to before me, a Notary Public, in and for said County and State this 24 day of October, 2011.

_____
Notary Public

I am a resident of Allen ~~County, Indiana~~.

IRENE M. VAN RYN
Allen County
My Commission Expires
June 22, 2015

My Commission expires: _____

F:\E\ENT 8091\Snyder, Hope -Complaint 18 pleadings\Affidavit Anne Livingston.docx

3