**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| HOPE L. SNYDER,　　　　　　　　　） | |
| 　　　　　　　　　　　　　　　　） | |
| 　　　　Plaintiff,　　　　　　　　） | |
| 　　　　　　　　　　　　　　　　） | |
| 　　v.　　　　　　　　　　　　　） | **CAUSE NO.  1:11-cv-77** |
| 　　　　　　　　　　　　　　　　） | |
| D. ANNE LIVINGSTON, et al.,　　） | |
| 　　　　　　　　　　　　　　　　） | |
| 　　　　Defendants.　　　　　　　） | |

**OPINION and ORDER**

Before the Court is a motion for extension of time (Docket # 25) filed by Plaintiff Hope

Snyder, requesting additional time within which to perform discovery before responding to

Defendants' summary judgment motion (Docket # 18).  For the following reasons, Snyder's

motion will be DENIED.

### A.  Factual and Procedural Background

On February 28, 2011, Snyder filed this action against her former employer, Ear, Nose &

Throat Associates, P.C., and one of its employees, alleging that they discriminated against her on

the basis of a disability and then retaliated against her for complaining about discriminatory

treatment. (Docket # 1, 22.)  A state law defamation claim also exists. (Docket # 22.)  A

scheduling conference was held on June 14, 2011, at which a discovery deadline of February 5,

2012, and a dispositive motion deadline of March 5, 2012, were established. (Docket # 16.)

After taking Snyder's deposition, Defendants filed a motion for summary judgment on

November 4, 2011. (Docket # 18.)  On December 2, 2011, the date her response to the motion

was due, Snyder filed the instant motion, seeking to extend the due date for her response until

March 6, 2012, that is, thirty days after the close of discovery. (Docket # 25.)  A hearing was

held on the motion on December 7, 2011, at which oral argument was heard. (Docket # 27.)

### B.  Applicable Legal Standard

Federal Rule of Civil Procedure 56(d), restyled without substantial change from the

former Rule 56(f), provides that a summary judgment motion may be continued if the

non-movant has not had an opportunity to take adequate discovery. *See Deere & Co. v. Ohio

Gear*, 462 F.3d 701, 706 (7th Cir. 2006); *Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir.

2001).  The Seventh Circuit Court of Appeals requires a party seeking the protection of Rule

56(d) to make a good faith showing that she cannot present facts essential to justify her

opposition to the movant's summary judgment motion. *Kalis v. Colgate-Palmolive Co*., 231 F.3d

1049, 1058 n.5 (7th Cir. 2000); *Yessenow v. Hudson*, No. 2:08-cv-353, 2011 WL 3667488, at *2

(N.D. Ind. Aug 22, 2011).

This requires the filing of an affidavit or declaration by the non-movant, articulating the

reasons why she is unable to submit the necessary material to the court. Fed. R. Civ. P. 56(d);

*Deere*, 462 F.3d at 706; *Kalis*, 231 F.3d at 1058 n.5; *Yessenow*, 2011 WL 3667488, at *2.  The

non-movant must also identify the material facts that she anticipates discovering. *Larsen v. Elk

Grove Vill., Ill*., 433 F. App'x 470, 472 (7th Cir. 2011) (unpublished); *Yessenow*, 2011 WL

3667488, at *2.  Additionally, a plaintiff must show that she has not been dilatory in pursuing

discovery. *Kalis*, 231 F.3d at 1058 n.5; *Yessenow*, 2011 WL 3667488, at *2.

### C.  Analysis

In her motion seeking an extension, Snyder merely asserts that "[d]iscovery has not been

completed in [this] case, and until completion, [she] will not be in a position to fully respond to

the Defendants' Motion for Summary Judgment." (Docket # 25.)  No affidavit or declaration accompanied the motion.  Of course, the failure to file an affidavit outlining the party's reasons for needing further discovery "alone justifies" denial of a Rule 56(d) motion. *First Nat'l Bank & Trust Corp. v. Am. Eurocopter Corp. & Eurocopter, S.A.*, 378 F.3d 682, 694 (7th Cir. 2004); *Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2001) (same); *Trzeciak v. State Farm Fire & Cas. Co.*, __ F. Supp. 2d __, 2011 WL 3568272, at *2 (N.D. Ind. Aug. 15, 2011) ("If a non-movant does not file an affidavit as required by Rule 56(d), a district court can rule on a motion for summary judgment without allowing additional discovery to take place.").

Furthermore, at oral argument, Snyder's counsel simply represented that she needed "considerable, additional, needed evidence" to respond to Defendants' summary judgment motion, admitting that no discovery by Snyder had been performed to date.  Moreover, although counsel stated that she wanted to perform both written discovery and at least one deposition, she did not elaborate as to the type of written discovery, what evidence she hoped to learn, which witness was to be deposed, or why she could not respond to Defendants' motion based on the information currently in her possession.  Of course, "vague assertions that  . . . discovery would develop genuine issues of material fact" are insufficient to warrant a continuance. *Grundstad v. Ritt*, 166 F.3d 867, 873 (7th Cir. 1999).

Thus, Snyder's motion fails to address any of the critical points necessary to a Rule 56(d) motion—the material facts she anticipates discovering, the reasons why she is unable to submit the necessary material to the Court, and evidence that she has not been dilatory in pursuing discovery. *See Yessenow*, 2011 WL 3667488, at *3 (articulating that a party's motion under Rule 56(d) must be supported by an affidavit or declaration establishing that it "cannot present facts

3

essential to justify its position without additional discovery").  Moreover, it appears that Snyder has been dilatory, considering that she did not complete any discovery during the five months of the discovery period and waited until the day her summary judgment response was due to file the instant motion. *See Ortiz v. Elgin Sweeping Servs., Inc*., No. 10 C 0936, 2011 WL 1930693, at *3 (N.D. Ill. May 17, 2011) (rejecting plaintiff's assertion that the entry of summary judgment was premature where he failed to seek any discovery over the course of ten months and did not present an affidavit in accordance with Rule 56(d) explaining why additional discovery was needed).

As a result, Snyder's motion for an extension (Docket # 25) is DENIED.  Nevertheless, in an effort to address Defendants' motion for summary judgment on the merits, *see, e.g., United States v. U.S. Fid. & Guar. Co.*, No. 2:01-cv-597, 2005 WL 1528374, at *3 (N.D. Ind. June 24, 2005), the Court on its own motion GRANTS Snyder up to and including December 22, 2011, to file a response to Defendants' motion for summary judgment.

SO ORDERED.

Enter for December 7, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge