```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         FORT WAYNE DIVISION
```

| | | |
|---|---|---|
| HOPE L. SNYDER, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.  1:11-cv-77 |
| | ) | |
| D. ANNE LIVINGSTON, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

## OPINION and ORDER

Before the Court is a renewed motion for extension of time filed by Plaintiff Hope Snyder on December 20, 2011. (Docket # 31.) In her motion, Snyder renews her prior request for additional time within which to perform discovery before responding to Defendants' summary judgment motion (Docket # 25), which the Court denied on December 7, 2011 (Docket # 30). Defendants filed an objection to Snyder's renewed motion, and Snyder timely replied (Docket # 32, 33); therefore, the motion is now fully briefed.

For the following reasons, Snyder's renewed motion for extension of time will be GRANTED.

### *A.  Factual and Procedural Background*

On February 28, 2011, Snyder filed this action against her former employer, Ear, Nose & Throat Associates, P.C., and one of its employees, alleging that they discriminated against her on the basis of a disability and then retaliated against her for complaining about discriminatory treatment. (Docket # 1, 22.) A state law defamation claim also exists. (Docket # 22.) A scheduling conference was held on June 14, 2011, at which a discovery deadline of February 5,

2012, and a dispositive motion deadline of March 5, 2012, were established. (Docket # 16.)

After taking Snyder's deposition, Defendants filed a motion for summary judgment on November 4, 2011. (Docket # 18.) On December 2, 2011, the date her response to the motion was due, Snyder filed her first motion to extend the due date for her response until March 6, 2012, that is, thirty days after the close of discovery. (Docket # 25.) After a hearing on the motion, the Court denied Snyder's motion because she failed to submit a supporting affidavit or declaration to identify what evidence she hoped to learn through the discovery. (Docket # 27, 30.) The Court also observed that Snyder appeared dilatory by failing to perform any discovery during the first five months of the discovery period. (Docket # 30.) In an effort to address Defendants' motion for summary judgment on the merits, however, the Court afforded Snyder until December 22, 2011, to respond to Defendants' motion.

On December 12, 2011, Snyder propounded her first set of interrogatories, request for production of documents, and request for admissions to Defendants. (Pl.'s Renewed Mot. ¶ 3, Ex. B.) She then submitted a second set of interrogatories to Defendants on December 20, 2011. (Pl.'s Renewed Mot. ¶ 3, Ex. B.) On that same day, Snyder filed the instant motion, requesting that the deadline for her response to Defendants' motion for summary judgment be extended by an additional thirty-three days, that is, until January 23, 2012. (Docket # 31.) She explains that this extension will afford her sufficient time to receive and review Defendants' responses to her pending discovery requests.[1] (Docket # 31.) This time, Snyder attached an affidavit in support of her motion. (Pl.'s Renewed Mot. ¶ 2, Ex. A.)

---

[1] On January 4, 2012, Defendants sought an extension of time to respond to Snyder's discovery requests (Docket # 34), which the Court promptly granted (Docket # 35). As a result, Defendants have been relieved of any obligation to respond to Snyder's discovery requests until the Court either rules on the instant renewed motion for an extension or the pending summary judgment motion. (Docket # 35.)

### B. Applicable Legal Standard

Federal Rule of Civil Procedure 56(d), restyled without substantial change from the former Rule 56(f), provides that a summary judgment motion may be continued if the non-movant has not had an opportunity to take adequate discovery. *See Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006); *Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2001). The Seventh Circuit Court of Appeals requires a party seeking the protection of Rule 56(d) to make a good faith showing that she cannot present facts essential to justify her opposition to the movant's summary judgment motion. *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 n.5 (7th Cir. 2000); *Yessenow v. Hudson*, No. 2:08-cv-353, 2011 WL 3667488, at *2 (N.D. Ind. Aug 22, 2011).

This requires the filing of an affidavit or declaration by the non-movant, articulating the reasons why she is unable to submit the necessary material to the court. Fed. R. Civ. P. 56(d); *Deere*, 462 F.3d at 706; *Kalis*, 231 F.3d at 1058 n.5; *Yessenow*, 2011 WL 3667488, at *2. The non-movant must also identify the material facts that she anticipates discovering. *Larsen v. Elk Grove Vill., Ill.*, 433 F. App'x 470, 472 (7th Cir. 2011) (unpublished); *Yessenow*, 2011 WL 3667488, at *2. Additionally, a plaintiff must show that she has not been dilatory in pursuing discovery. *Kalis*, 231 F.3d at 1058 n.5; *Yessenow*, 2011 WL 3667488, at *2.

### C. Analysis

As in her first motion seeking an extension, Snyder explains in her renewed motion that "[d]iscovery has not been completed in [this] case, and until completion, [she] will not be in a position to fully respond to the Defendants' Motion for Summary Judgment." (Pl.'s Renewed Mot. ¶ 2.) In contrast to her first motion, however, Snyder now explains what information she

3

seeks to obtain through her written discovery requests, supporting her request with an affidavit from her attorney.

Specifically, Snyder states that she expects to obtain evidence of "communications" by Defendants that indicate, among other things, that Defendants (1) viewed her as disabled from a medical or psychological condition that caused her to be "mentally unstable," and (2) repeated false, damaging statements about her mental status and her ability to do her job. (Pl.'s Renewed Mot. ¶ 2; Smith Aff. ¶¶ 4, 6.) Therefore, Snyder has identified the material facts that she anticipates discovering. *See, e.g.*, *Miller v. Account Mgmt. Servs.*, No. 1:07-cv-231, 2008 WL 596011, at *1 (N.D. Ind. Feb. 29, 2008).

Furthermore, Snyder emphasizes that these "communications" are in the "sole possession" of Defendants, and, consequently, that she needs, at a minimum, Defendants' response to her first set of discovery requests in order to respond to the summary judgment motion. (Pl.'s Renewed Mot. ¶ 2; Smith Aff. ¶ 6.) Thus, Snyder, through her attorney's affidavit, has articulated the reason why she is unable to submit the necessary material to the court without obtaining Defendants' discovery responses. *See, e.g., Miller*, 2008 WL 596011, at *1.

Nevertheless, to succeed on a Rule 56(d) motion, a plaintiff must also show that she has not been dilatory in pursuing discovery. Of course, as this Court noted in its Order denying Snyder's first motion for an extension, Snyder has appeared dilatory, at least to some extent, considering that she did not complete any discovery during the first five months of the discovery period. (Op. and Order dated Dec. 7, 2011, at 4); *see, e.g.*, *Ankersen v. Option Care Enters., Inc.*, No. 1:06-cv-905, 2007 WL 1858577, at *1 (S.D. Ind. June 21, 2007) ("Plaintiff's failure to

conduct any discovery whatsoever during the first six months of this case may rightly be described as 'dilatory.'").

However, as Snyder emphasizes in her renewed motion, the discovery period does not close until February 5, 2012, and the dispositive motion deadline is not until March 5, 2011. (Docket # 16.) Thus, Defendants did indeed file an "early" motion for summary judgment. *See, e.g.*, *Oakley v. Remy Int'l, Inc.*, No. 1:10-cv-166, 2010 WL 4670613, at *1 (S.D. Ind. Nov. 8, 2010) (granting plaintiff's request for an extension where defendant filed its summary judgment motion "well before the . . . discovery deadline"). Therefore, this is not a case where a plaintiff failed to conduct any discovery during the discovery period and *then* seeks an extension to the discovery period. *See generally Yessenow*, 2011 WL 3667488, at *3 ("[A] court may deny a Rule 56(d) motion when a party fails to pursue discovery *in the allotted time frame*." (emphasis added)) (collecting cases).

Morever, as a general matter, "[s]ummary judgment should not be entered 'until the party opposing the motion has had a fair opportunity to conduct such discovery as may be necessary to meet the factual basis for the motion.'" *Chalimoniuk v. Interstate Brands Corp.*, 172 F. Supp. 2d 1055, 1057-58 (S.D. Ind. 2001) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)). That is, "when issues material to the outcome of the matter are in question, the full benefit of discovery is preferable." *Yessenow*, 2011 WL 3667488, at *2 (citing *Chalimoniuk*, 172 F. Supp. 2d at 1059).

Therefore, in an effort to address Defendants' motion for summary judgment on the merits, *see, e.g., United States v. U.S. Fid. & Guar. Co.*, No. 2:01-cv-597, 2005 WL 1528374, at *3 (N.D. Ind. June 24, 2005), and "because the law requires some liberality with respect to Rule

5

56[d] motions," *Miller*, 2008 WL 596011, at *2 (citing *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994)), the Court GRANTS Snyder's renewed motion for an extension. Defendants shall have up to and including February 6, 2012, to respond to the discovery requests that Snyder propounded on December 12 and 20, 2011. Snyder shall then have up to and including February 21, 2012, to file her response to Defendants' summary judgment motion.

SO ORDERED.

Enter for January 5, 2012.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge